United States District Court
District of Minnesota

| | |
|---|---|
| Christy Blake,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Performant Recovery, Inc.,<br><br>　　　　Defendant. | Court file no. _____<br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), in its illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

## Parties

4. Plaintiff Christy Blake is a natural person who resides in the city of Minneapolis, county of Hennepin, state of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("Performant") is a foreign corporation and collection agency with a principal address of 333 North Canyons Parkway, #100, Livermore, CA 94551, and its registered agent in Minnesota of CT Corporation System, Inc., 100 South 5th Street #1075, Minneapolis, MN 55402. Performant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

6. In or before 2003, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely an alleged private student loan with Citibank and/or The Student Loan Corporation in the approximate amount of $10,000, which was used by Plaintiff for personal, family, and household purchases.

7. In or around 2004, Plaintiff completed her education and the alleged debt was due and payable soon thereafter.

8. On or around June 8, 2007, Citibank and/or The Student Loan Corporation transferred all right, title, and interest in the debt to United Guaranty Commercial Insurance Company of North Carolina. The transaction was memorialized in a document titled "Transfer of Ownership."

9. The Transfer of Ownership dated June 8, 2007 refers to the debt as a defaulted loan, or words to that effect.

10. No payment(s) have been made towards this alleged debt since 2007.

11. At some point after 2007, this alleged debt was consigned, placed or otherwise transferred to Defendant Perfomant for collection from Plaintiff.

**Defendant Performant Misleads Plaintiff About the Alleged Debt**

12. In or about November 2014, Defendant Performant began contacting Plaintiff by telephone, and each of the calls was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. When Defendant would call Plaintiff's cellphone, it did not leave a voicemail.

14. A few weeks later, Defendant called Plaintiff at work and left a voicemail, and this phone call was also a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. In its voicemail, Defendant provided a callback number of 1-800-927-7667.

16. After receiving the voicemail from Defendant Performant, Plaintiff contacted Defendant Performant via telephone on December 2, 2014. This phone call subsequently became a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. Plaintiff called to get more information about who was calling her and what they were calling about.

18. Plaintiff spoke with one of the Defendant's debt collectors.

19. Defendant's collector told Plaintiff they were attempting to collect the debt described above.

20. During the phone call, Defendant Performant stated that the current balance on the debt was $16,067.31, but they were willing to settle for 65% of the total balance, or words to that effect. Defendant Performant explained the creditor was Citibank and then United Guarantee.

21. Defendant Performant also stated that the default date was "two weeks ago."

22. Plaintiff is informed and believes the alleged debt went into default no later than June 2007, which was at least seven years prior to when Defendant Performant stated it went into default. As a result, the debt was past the statute of limitations.

23. By misleading Plaintiff about the date of default, Defendant Performant made a material and false statement about the status of debt. Defendant Performant was attempting to mislead Plaintiff into making a payment or settling an alleged debt that was past the statute of limitations.

24. Defendant Performant's false statements violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

**Defendant Performant Sends a Series of Misleading Collection Letters**

25. After the above-described phone call on December 2, 2014, Defendant Performant contacted Plaintiff in writing, by sending a series of misleading collection letters, which were each a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. In more than one letter, Defendant Performant wrote "[y]ou may avoid further collection action by establishing a satisfactory repayment arrangement with our office."

27. That statement was intended to deceive Plaintiff into thinking making a payment was the only way to avoid further collection activity.

28. In more than one letter, Defendant Performant wrote "[k]eep in mind that we are entitled to use, and we intend to use, all approved means at our command to collect debts which have been referred to us."

29. When Plaintiff the letters that contained that language, she thought that meant that Defendant would garnish her wages or potentially even sue her for the debt.

30. The debt, however, was past the statute of limitations and any such efforts would have been prohibited.

31. Defendant Performant's false statements violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

**Defendant Performant Misleads Plaintiff During a Phone Call**

32. On or about February 25, 2015, Plaintiff received a phone call from Defendant, and this call was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

33. Plaintiff spoke with a collector named Amy.

34. Defendant's collector named Amy stated she had "no visibility" regarding the default date of the loan, or words to that effect. A different collector working for Defendant had previously stated the default date was in or around October, 2014.

35. Plaintiff then asked about the letter she had received, and asked Defendant's collector about the consequences if they did not reach a payment arrangement, or words to that effect.

36. Defendant's collector said the best thing for Plaintiff to do would be to "[g]oogle the ramifications of not paying student loans" or words to that effect.

37. Plaintiff then asked if she could provide more information about what they can do to collect, and Defendant's collector said she did not have that kind of detail, or words to that effect.

38. By telling Plantiff to "[g]oogle the ramifications of not paying student loans," Defendant was once again attempting to mislead Plaintiff as to the potential consequences of not resolving the debt. And by doing so, Defendant was attempting to mislead Plaintiff into making a payment or settling the debt.

39. Conducting the above-described google search would lead to a variety of information about private loans proceeding to the lawsuit stage, or federal loans proceeding to administrative wage garnishment or tax refund capture. Neither of those scenarios is applicable to Plaintiff, however, as this is a private loan that is past the statute of limitations.

40. Defendant's statements and misrepresentations violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others

### Summary

41. The above-described collection communications made to Plaintiff by Defendant Performant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

42. The above-detailed conduct by Defendant Performant of harassing Plaintiff in an effort to collect this alleged debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

43. Plaintiff has suffered actual damages as a result of Defendant Performant's illegal conduct in the form of anxiety, emotional distress, and frustration, amongst other negative emotions.

### Trial by Jury

44. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

### Causes of Action

#### Count 1:
#### Violations of the Fair Debt Collection Practices Act
#### 15 U.S.C. §§ 1692 et seq.

45. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

46. The foregoing intentional and negligent acts and omissions of Defendant Performant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

47. As a result of Defendant Performant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Performant.

### Request for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendant Performant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for all such further relief as the court deems appropriate.

                        Respectfully submitted,

                        **The Ryder Law Firm, LLC**

Date: September 25, 2015         *s/Randall P. Ryder*
                                              Randall P. Ryder (#389957)
                                              2701 University Ave SE, #209
                                              Minneapolis, MN 55414

                        phone • 612.424.3770
                        fax • 612.605.3270
                        e-mail • email@theryderlawfirm.com

                        **Attorney for Plaintiff**

## Verification of Complaint and Certification

| | |
|---|---|
| STATE OF MINNESOTA | ) |
| | ) ss |
| COUNTY OF HENNEPIN | ) |

Pursuant to 28 U.S.C. § 1746, Plaintiff Christy Blake having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 9/18/15

Christy Blake